IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WAYLAN SMITH, | * | |
|     Plaintiff, | * | NO. 1:14-CV-00233-CLC-WBC |
| | * | |
| v. | * | JURY DEMAND |
| | * | |
| PEN GULF, INC., | * | |
|     Defendant. | * | |

---

## FIRST AMENDED COMPLAINT

---

Comes Plaintiff and sues Defendant. For his Amended Complaint, Plaintiff shows unto the Court as follows:

**I.    JURISDICTION**

1. Plaintiff Waylan Smith ("Plaintiff") is a resident of Harrisburg, Pennsylvania and was previously a resident of Cleveland, Bradley County, Tennessee.

2. Defendant Pen Gulf, Inc. ("Defendant") is incorporated in Florida and has its principle place of business in Pensacola, Escambia County, Florida. It also has a branch in Charleston, Bradley County, Tennessee.

3. Defendant is an "employer" within the meaning of Tenn. Code Ann. § 4-21-101, and 29 U.S.C. § 621, et seq., so as to subject the Defendant to the provisions of Tennessee Human Rights Act, and Age Discrimination in Employment Act (both as amended) and all other laws prohibiting age discrimination in employment.

4. Plaintiff was employed at all times relevant in Charleston, Bradley County, Tennessee.

1

5. Jurisdiction and venue are proper in this Court. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, due to the diverse citizenship of the Plaintiff and the Defendant and because the amount in controversy exceeds $75,000. It also has jurisdiction pursuant to 28 U.S.C. § 1331 due to the federal claims now asserted.

## II. NATURE OF PROCEEDING

6. This is a proceeding for back pay; reinstatement or front pay in lieu of reinstatement, the value of all employee benefits; liquidated and/or punitive damages; damages for humiliation and embarrassment; attorney's fees and costs; prejudgment interest; and for such additional damages and equitable relief as may be necessary to effectuate the purposes of the ADEA, THRA and any other relevant statutes.

## III. FACTUAL BASES OF PLAINTIFF'S CLAIMS

7. Until his termination on November 2, 2013, Plaintiff was employed by the Defendant as a foreman.

8. At the time of his termination, Plaintiff was 53 years old.

9. Plaintiff began with the title of "painter" and was promoted into the position of foreman.

10. Plaintiff was asked by management several times about how old he was.

11. Plaintiff appeared to be one of the oldest painters and foreman in Defendant's employ.

12. Plaintiff was routinely referred to as "old man" by staff, painters, and management.

13. Shortly after his promotion, Plaintiff met his new supervisor, Derrick Stanley.

14. Mr. Stanley appeared to be in his 30s and when he met Plaintiff, he seemed surprised and said, "you are one of my foremen?"

15. Mr. Stanley told other employees that Plaintiff was too old for the job.

16. Mr. Stanley told other employees that Plaintiff needed to be fired because he was too old for the job.

17. Mr. Stanley also told other employees that painting was not a line of work for "old people."

18. Mr. Stanley referred to Plaintiff as "that old man" in front of other employees when giving work instructions.

19. Mr. Stanley treated Plaintiff with hostility due to his age.

20. One example of the hostility was that Mr. Stanley gave Plaintiff contradictory work instructions and when yelled at him in front of others for following what he was told to do. On one occasion, he yelled at Plaintiff and Plaintiff asked to leave as a result. In response, Mr. Stanley said, "get your old ass home."

21. Shortly after that, Plaintiff was written up for leaving. In the meeting in which he was information of the write up, Nathan Vann and Mr. Stanley were present. During the meeting, Plaintiff asked to tell his side of the story and informed management that he was being discriminated against on the basis of his age. In response, Mr. Vann said, "I do not want to hear it."

22. Shortly after that Plaintiff was told that he was being "laid off."

23. Plaintiff was indeed replaced by an individual who is substantially younger.

3

61209
Case 1:14-cv-00233-CLC-CHS   Document 13   Filed 11/20/14   Page 3 of 6   PageID #: 42

24. Upon information and belief, Mr. Stanley and others engaged in a pattern and practice of discriminating against older employees. Mr. Stanley had a hand in terminating older employees and replacing them with younger individuals.

25. Plaintiff was terminated, discriminated against in the terms and conditions of his job, and subjected to a hostile work environment because of his age or motivated by his age. Further, Plaintiff was retaliated against due to his complaint of age discrimination.

26. As a result of all of these actions Plaintiff has suffered significant income loss, humiliation and embarrassment, and other damages.

27. Defendant is responsible for the acts of its supervisory agents.

28. Plaintiff has filed a charge of discrimination with the EEOC, bearing charge number 494-2014-01071. He received a "Right to Sue" dated August 21, 2014.

### IV. COUNT ONE – AGE DISCRIMINATION

29. Plaintiff was terminated from his position, discriminated against in the terms and conditions of his employment, and subjected to a hostile work environment because of his age or motivated by his age, in violation of 29 U.S.C. § 621, et seq. and Tennessee Code Ann. § 4-21-401, *et seq*.

30. In the alternative, but for Plaintiff's age, he would not have been terminated, discriminated against, or subjected to a hostile work environment, which violates 29 U.S.C. § 621, et seq. and Tennessee Code Ann. § 4-21-401, *et seq.*

31. As a result of this termination, Plaintiff has lost (and continues to lose) salary, benefits, and seniority. He has also suffered considerable humiliation, embarrassment and emotional harm, in addition to other damages.

## V. COUNT TWO – RETALIATION

32. Plaintiff complained about age discrimination to Defendant.

33. Plaintiff opposed a practice and aided in the investigation of a practice declared discriminatory by the ADEA and the THRA.

34. In response, Plaintiff was retaliated against in violation of the 29 U.S.C. § 621, et seq. and Tenn. Code Ann. § 4-21-301.

35. There was very close temporal proximity between Plaintiff's protected activity and his termination.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

a. That proper process be issued and served upon Defendant, and Defendant be required to answer within the time prescribed by law;

b. That upon the hearing of this cause Plaintiff be awarded judgment for damages for lost wages and the value of all employment benefits which he has lost from the date of his termination;

c. That Plaintiff be awarded damages for the hostile work environment he faced;

d. That the Court issue an injunction requiring Defendant to re-employ Plaintiff at his former position or at an equivalent job with all employment rights and benefits to which he would have been entitled but for his discharge, and without harassment or illegal conditions imposed on his job, or in the alternative, front pay and benefits in lieu of reinstatement;

e. That Plaintiff be awarded damages for humiliation and embarrassment, liquidated damages as provided by law, attorneys' fees, court costs, prejudgment interest, and such other and further relief as the Court deems proper to effectuate the purposes of the laws involved;

f. That Plaintiff be awarded punitive damages as provided by law; and

g. That a jury try the issues in the cause.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By: s/ *Donna J. Mikel*
      Donna J. Mikel, #020777
      Attorneys for Plaintiff
      711 Cherry Street
      Chattanooga, TN 37402
      Phone: (423) 266-2121
      Fax: (423) 266-3324
      dmikel@bdplawfirm.com

CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By: s/ *Donna J. Mikel*

6
61209
Case 1:14-cv-00233-CLC-CHS Document 13 Filed 11/20/14 Page 6 of 6 PageID #: 45