**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| WAYLAN SMITH, | * | |
| | * | |
| Plaintiff, | * | NO. 1:14-CV-00233-CLC-WBC |
| | * | |
| v. | * | JURY DEMAND |
| | * | |
| PEN GULF, INC., | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PROTECTIVE ORDER OR TO QUASH SUBPOENAS**

Comes Plaintiff, through counsel, and files his memorandum of law in support of his Motion for a protective order or to quash subpoenas to be issued to one of the employers for whom he worked prior to working for the Defendant.

## I. INTRODUCTION

This is an age discrimination case. Plaintiff worked for Defendant, Pen Gulf, Inc. from 2012 to November of 2013. During his employment and after being transferred under a younger supervisor, Plaintiff was routinely called, "old man," was told he was too old for the job by his supervisor, and was told that he would be fired because he was too old. He was then terminated and Defendant has claimed it was pursuant to a reduction in force and his selection was not due to his age.

The party from whom Defendant seeks to compel a very broad list of documents, Whirlpool, employed Plaintiff during two periods of time. The first was in the 2006-2008 time period and the second was in the 2010 to mid-2011 time period. Defendant seeks:

> Employment records, including all information in any personnel and employment files pertaining to Waylan Edward Smith, including, but not limited to, applications for employment, performance reviews, reference checks, status change forms,

attendance records, job descriptions, disciplinary documents, information concerning promotions and demotions, supervisor desk files, complaints, grievances, investigative files, and workers' compensation and health insurance claims;

Payroll records including, but not limited to, all information concerning Waylan Edward Smith's rate of pay, hours worked, overtime pay, commissions and bonuses;

Any and all records of an employment application or inquiry about employment made by Waylan Edward Smith, including, but not limited to, completed application forms, resumes, interview records or any response to an employment inquiry; and

Documents pertaining to Waylan Edward Smith's reason for leaving his job at Whirlpool Corporation.

## II. LEGAL ARGUMENT

### A. Standing

A party has a right to object to a subpoena if he has a claim of privilege with respect to the materials being sought by the subpoena. *Mann v. Univ. of Cincinnati*, 1997 U.S. App. LEXIS 12482, *13, 1997 WL 280188 (6th Cir. May 27, 1997) (quoting 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995)). See also *Hackmann v. Auto Owners Ins. Co.*, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009). "[C]ourts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 fn. 1 (S.D. Ohio 2011) (quoting *Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, at * 2 (S.D. Fla. Dec. 10, 2007)). Because the materials being sought by the subpoenas in question are Plaintiff's employment records, Plaintiff has standing to file this Motion.

## B. Employment Records of Prior Employers

Plaintiff's Whirlpool employment records are wholly irrelevant and therefore not discoverable. Ostensibly, Defendant's primary reason for seeking such records is the pursuit of after-acquired evidence.

Rule 26 only permits the discovery of information that is admissible or reasonably calculated to the discovery of admissible information. "If a party objects to the relevancy of information sought, . . . the party seeking the information bears the burden of showing its relevance." *Grant, Konvalinka*, 2008 WL 4865566 at *4. "Discovery may be denied "where, in the court's judgment, the inquiry lies in a speculative area." *Allen v. Howmedica Leibinger, Inc.*, 190 F.R.D. 518, 522 (W.D. Tenn. 1999), *quoted in Grant, Konvalinka*, 2008 WL 4865566 at *4. Moreover, Rule 26 requires proportionality between the information sought and the contours of the case. Under all of the tenets of Rule 26, this discovery should be prohibited.

The law is clear that discovery cannot be undertaken for the chief purpose of seeking after-acquired evidence, particularly when the party seeking discovery has no independent grounds to believe that after-acquired evidence exists. *See Bahrami v. Maxie Price Chevrolet-Oldsmobile Inc.*, 2013 WL 3800336, at *4 (N.D. Ga. June 19, 2013) (collecting cases where courts have denied discovery of employment records where only speculative reasons are given for establishing a possible after-acquired evidence defense); *Oates v. Target Corp.*, 2012 WL 6608752, at *1 (E.D. Mich. Dec. 18, 2012) (quashing subpoenas of prior employment records based upon defendant's bare speculation that such records might reveal that plaintiff could have made misrepresentations on her employment application so as to establish an after-acquired evidence defense); *see also EEOC v. Jack Marshall Foods, Inc.*, 2010 WL 55635, at *2 (N.D. Ala. Jan. 4, 2010) (quashing subpoenas of prior employment records because defendant cannot

initiate discovery for purpose of establishing after-acquired evidence defense in the absence of some basis for believing that after-acquired evidence of wrongdoing will be revealed); *Tribula v. SPX Corp.*, 2009 WL 87269, at *2 (E.D. Mich. Jan. 12, 2009) (because defendant knew of prior employers before firing the plaintiff and had opportunity to verify accuracy of plaintiff's job application, subpoenas for prior employment records quashed); *Perry v. Best Lock Corp.*, 1999 WL 33494858, at *2 (S.D. Ind. Jan. 21, 1999) (discovery of prior employment records not warranted for purpose of developing a possible after-acquired evidence defense).

The search for after-acquired evidence should not be used as an independent basis to initiate discovery. *Premer v. Corestaff Servs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005). A routine search for after-acquired evidence is exactly what the Supreme Court cautioned against when it first recognized the theory of after-acquired evidence as a limitation to damages:

> **The concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one, but we think the authority of the courts to award attorney's fees, mandated under the statute, 29 U.S.C. § 216(b), 626(b) and to invoke the appropriate provisions of the Federal Rules of Civil Procedure will deter most abuses.**

*McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 363 (1995).

Courts have likewise found that vague and unfounded concerns about a party's prior job performance and "credibility" cannot be used to seek employment records. In *EEOC v. Jack Marshall Foods, Inc.*, 2010 WL 55635 (S.D. Ala. Jan. 4, 2010), the district court rejected the employer's argument that past employment records were discoverable because such might reveal credibility evidence. In *Jack Marshall,* the employer argued that if the employee lied about the reason she left a previous employment, she is more likely to be lying about leaving the defendant's employment due to an intolerably hostile work environment. The court noted that "[u]sing evidence for such a purpose is forbidden by Rule 404(b). *Id*. at *3. According to the

court, Defendant "fails to explain how evidence of conduct that is relevant precisely because of its tendency to show the [plaintiff] acted in conformity therewith could possibly escape Rule 404(b)." *Id*. See also *Liles v. Stuart Weitzman, LLC*, 2010 WL 1839229, at *3 (S.D. Fla. May 6, 2010) (collecting cases that reject defendant's argument that prior employment records are discoverable to show poor performance while employed by the defendant); *Chamberlain v. Farmington Savings Bank*, 2007 U.S. Dist. LEXIS 70376 (D. Conn. Sept. 25, 2007 (denying Defendant's request for records of former employers unless Defendant had alleged a reason to believe that Plaintiff had been dishonest to authorize such a broad search); *Badr. v. Liberty Mutual Group, Inc.*, 2007 U.S. Dist. LEXIS 73437 (D. Conn. Sept. 28, 2007), (quashing subpoena to former employer requesting "any and all" records relating to Plaintiff); *Richmond v. UPS Service Parts Logistics*, 2002 U.S. Dist. LEXIS 7496, 2002 WL 745588 (S.D. Ind. Apr. 25, 2002), *Knoll v. Amer. Telephone & Telegraph Co.*, 176 F.3d 359 (6th Cir. 1999), *Miller v. Federal Express Corp*., 186 F.R.D. 376, 384 (W.D. Tenn. 1999).

It is simple common sense that an employer may not search for information to support the discharge of an employee who has engaged in conduct protected by statute. Allowing such conduct on the part of an employer would certainly discourage employees from asserting claims of unlawful discrimination under a wide variety of statutes. It is also well settled that an employer may not retaliate against former employees for engaging in activities protected by Title VII (and similar anti-discrimination statutes). The Equal Employment Opportunity Commission has issued guidance on the "after-acquired evidence" doctrine. It has indicated that "after-acquired evidence" that was unearthed in a retaliatory investigation will only ***not*** cut off back pay, it may also lead to the award of punitive damages on account of the retaliation. In relevant part, this Guidance states as follows:

> Retaliation is one example of an extraordinary equitable circumstance that may warrant additional relief. **Evidence of employee wrongdoing may not cut off back pay if the evidence was unearthed during a retaliatory investigation, i.e., one initiated in response to a complaint of discrimination in an attempt to uncover derogatory information about the complaining party or discourage other charges or opposition.**

*See EEOC "Guidance on After-Acquired Evidence*," issued December 14, 1995. BNA, FEPM 405: 7331, 7334. (Emphasis added). The filing of a lawsuit alleging discrimination in employment is every bit as much a protected activity as is filing a charge of discrimination with the EEOC**.**

This point was underscored in the case of *Rivera v. NIBCO, Inc.*, 364 F.3d 1057 (9th Cir. 2004), a class action claim alleging disparate impact discrimination based on national origin. The plaintiffs had all suffered adverse employment actions (*e.g.*, they were discharged or transferred) after performing poorly on a basic job skills examination that had been given only in English. The employer in *Rivera* sought to elicit information in discovery concerning the immigration status of each plaintiff. The employer argued that the decision in *McKennon*, *supra*, authorized the inquiry into the immigration status of each plaintiff because that status could affect the employer's liability for back pay and/or front pay if it were found liable. The district court refused to permit the discovery concerning the immigration status of the plaintiffs. The Ninth Circuit affirmed. It reasoned that to permit the type of inquiry that the employer advocated would be condoning a retaliatory investigation that could only serve to deter the assertion of discrimination claims. Certainly giving carte blanche authority to an employer to investigate multiple years of expansive records for a civil rights Plaintiff would discourage individuals from engaging in protected activity.

In summary, Defendant cannot show that it is entitled to discovery of Plaintiff's prior employment records. Therefore, a protective order should be issued or the subpoena should be quashed.

### III. CONCLUSION

Based on the foregoing, Plaintiff requests the Court to enter an order that either protects Plaintiff from this unwarranted discovery or that quashes the subpoena that Defendant plans to serve upon Whirlpool.

BURNETTE, DOBSON & PINCHAK

By:___s/ *Donna J. Mikel*____________

Donna J. Mikel, #020777
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324
Email: dmikel@bdplawfirm.com

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2015, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

By:___s/ *Donna J. Mikel*__________