UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WAYLAN SMITH, | * | |
|    Plaintiff, | * | NO. 1:14-CV-00233-CLC-WBC |
| | * | |
| v. | * | JURY DEMAND |
| | * | |
| PEN GULF, INC., | * | |
|    Defendant. | * | |

## REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS

Come Plaintiffs and reply to Defendant's response in opposition [Doc. 19] to Plaintiffs' motion to quash subpoena [Doc. 16].

### A. After-acquired evidence

The right to discovery is not unlimited; it does have "ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 497 (1947). In its response, Defendant sidesteps its main reason for seeking Plaintiffs' employment records: the search for after-acquired evidence. To date, Defendant has articulated no grounds to reasonably suspect that it will uncover any evidence in Plaintiffs' personnel records (both past and present) that would give rise to an after-acquired evidence defense. Likewise, it has not properly articulated any other proper basis for allowing the discovery. If allowed on the basis of the generic reasons expressed by Defendant, this broad discovery of past employment records would be allowed in every employment-law case.

As the Court can readily see from the attachments to the subpoena, the scope of information requested is as broad as possible. Obviously, this subpoena is not narrowly tailored to fit the reasons for discovery expressed by Defendant in its response brief. Instead, the subpoena is a virtual dragnet designed for muckraking and swamp dredging, to aid in an impermissible fishing

expedition. This is precisely the type of discovery tactic that the Supreme Court warned against in *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 363 (1995).

### B. Evidence Rule 404

In contending for the discoverability of past employment records, Defendant argues that any that Plaintiff's performance at a previous employer is somehow relevant in this case. Again, the defense in this case is that Plaintiff was terminated pursuant to a reduction-in-force.

Evidence Rule 404(a)(1) states, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." According to Rule 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Thus, Rule 404 precludes Defendant from arguing that, for example, if Plaintiffs performed poor work for Employers A, B, and C, then they also would have done poor work at Defendant. Rule 404 would also apply to post-Defendant job performance to the extent Defendant argues that such evidence would show action in conformity with while under Defendant's employ. While the issue of discoverability is not limited to admissibility, it does hinge upon whether the sought-after evidence is reasonably calculated to lead to *admissible* evidence. Defendant has advanced no argument as to how it can avoid Rule 404's prohibition of this type of evidence. For this reason, courts have rejected Defendant's argument. *See E.E.O.C. v. Jack Marshall Foods, Inc.*, 2010 WL 55635, at *3 & n.6 (S.D. Ala. Jan. 4, 2010) (rejecting same argument made by Defendant and noting that the "defendant has identified no means by which it can sanitize the Rule 404(b)

2

evidence it seeks"); *Liles v. Stuart Weitzman, LLC*, 2010 WL 1839229, at *3 (S.D. Fla. May 6, 2010) (noting Rule 404 and finding that defendant has "no authority to support its argument that a plaintiff's employment records from his former employer are relevant (or are likely to lead to admissible evidence) to demonstrate poor performance while employed by the defendant"); *Sanders v. Dalcraft LLC*, 2009 WL 1392602, at *2 (N.D.Tex. May 18, 2009) (rejecting argument that employment records from plaintiff's former employer "may show performance deficiencies similar to those relied upon by [the defendant] to justify termination"); *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344 at *5 (E.D.N.Y. Sept. 17, 2008) (ruling that plaintiff's performance during prior employment not relevant to work performed for defendant and that prior employment records not likely to lead to discovery of admissible evidence as such evidence would be inadmissible under Rule 404); *Maxwell v. Health Center of Lake City, Inc.*, 2006 WL 1627020, at *4 (M.D.Fla. June 6, 2006) (ruling that plaintiff's performance at previous jobs not relevant or reasonably calculated to lead to admissible evidence because Rule 404 would exclude such evidence). *See also Vuona v. Merrill Lynch & Co., Inc.*, 2011 WL 5553709, at *8-9 (S.D.N.Y. Nov. 15, 2011) (quashing subpoenas to plaintiff's prior employers and rejecting defendant's argument that job performance at prior jobs was relevant to whether the plaintiff's performance at job in question was sub-par).

### C. Law Cited by Defendant

Defendant cites the Court to Magistrate Judge Pham's decision in *Stewart v. Orion Federal Credit Union*, 285 F.R.D. 395 (W.D. Tenn. 2012). Respectfully, the analysis in the *Stewart* decision is not in-depth. The opinion does not detail why the subpoenaed employment records are relevant. For example, the decision does not explain how past employment records could be

3

relevant to the plaintiffs' performance with the defendant or the legitimacy of why the defendant fired the plaintiffs. There is no discussion of Evidence Rule 404.

Plaintiffs suggest that the decisions in *EEOC v. Jack Marshall Foods, Inc.*, 2010 WL 55635 (S.D. Ala. Jan. 4, 2010) and *EEOC v. Southern Haulers, LLC*, 2012 WL 1768064 (S.D. Ala. May 17, 2012) are most instructive. These decisions provide in-depth analysis and address all of the points raised by the parties in this case.

E.  **Conclusion**

Plaintiffs request the Court to quash the subpoena because the information sought is purely speculative and any remote relevancy of the information is greatly outweighed by Plaintiffs' privacy rights.

>Respectfully submitted,
>
>BURNETTE, DOBSON & PINCHAK
>
>By:   s/ Donna J. Mikel
>       Donna J. Mikel
>       Attorney for Plaintiffs
>       711 Cherry Street
>       Chattanooga, Tennessee 37402
>       Tel: (423) 266-2121
>       Fax: (423) 266-3324
>       dmikel@bdplawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on 4/30/15, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

>By:   s/ Donna J. Mikel